UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-647(DSD/JSM)

Jasmine R. Robeson,

       Petitioner,

v.                                                          **ORDER**

N.C. English, Warden,

       Respondent.

This matter is before the court upon the pro se objection by petitioner Jasmine R. Robeson to the September 17, 2012, report and recommendation of Magistrate Judge Janie S. Mayeron. Based on a de novo review of the file, record and proceedings herein, and for the following reasons, the court adopts the report and recommendation in its entirety.

**BACKGROUND**

The background of this case is fully set forth in the magistrate judge's report and recommendation, and the court only summarizes those facts necessary to resolve Robeson's objections. On December 16, 2003, Robeson pleaded guilty to Conspiracy to Possess with Intent to Distribute Cocaine Base. Pet. Attach., at 2. Robeson was sentenced to 121 months in prison, followed by five

years of supervised release.[1]  Pet. ¶ 4.  Robeson is incarcerated at the Federal Correctional Institution in Waseca, Minnesota (FCI Waseca).  Id. ¶ 1.  Robeson is scheduled for release from federal custody on May 28, 2013.  Buege Decl. ¶ 3.

On January 5, 2011, FCI Waseca recommended that Robeson spend the last 150 to 180 days of her sentence in a residential reentry center (RRC).  Id. ¶ 4.  As such, Robeson is scheduled for transfer to Volunteers of America, a RRC in Baltimore, Maryland, on December 4, 2012.  Id. ¶ 5.  After receiving her RRC determination, Robeson submitted a Request for Administrative Remedy, seeking to increase her RRC placement to twelve months.  Id. ¶ 6.  FCI Waseca denied this request, and Robeson appealed to the regional office of the Bureau of Prisons (BOP).  Id.  The regional office denied the appeal on February 21, 2012.  Id.  Robeson did not appeal to the BOP central office.  Id.

On March 12, 2012, Robeson filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that FCI Waseca officials acted in an arbitrary and capricious manner and did not act in good faith when denying her request for additional RRC time.  The magistrate judge recommends that the petition be denied and dismissed with prejudice, because the

---

[1] Robeson's sentence was subsequently reduced to 120 months, pursuant to 18 U.S.C. § 3582(c)(2).  Buege Decl. ¶ 4.

decision to place Robeson in a RRC for 150 to 180 days was fully within the discretion of the BOP. Robeson objects to the report and recommendation and incorporates the arguments previously set forth in her petition and response. Pet.'s Resp. 2.

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b). Robeson argues that the decision by FCI Waseca to place her in a RRC for 150 to 180 days is arbitrary and capricious and in violation of the Second Chance Act of 2007.[2]

Under the Second Chance Act of 2007,

> The director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the

---

[2] The magistrate judge correctly noted that Robeson did not exhaust her administrative remedies. Robeson failed to appeal the denial of her Request for Administrative Remedy to the BOP Central Office, and this alone warrants dismissal of the petition. See United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006). Exhaustion, however, is not a jurisdictional prerequisite, and the court considers the merits of the petition. See Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007).

>               reentry of that prisoner into the community.
>               Such conditions may include a community
>               correctional facility.[3]

18 U.S.C. § 3624(c)(1). This provision must be read, however, in conjunction with the BOP's general authority to assign places of imprisonment.[4] See id. § 3624(c)(4) (noting that "[n]othing in this subsection shall be construed to limit or restrict authority of the Bureau of Prisons under section 3621"). The BOP has broad discretion under 18 U.S.C. § 3621(b) "to choose the location of an inmate's imprisonment, so long as the factors enumerated in the statute are considered." Fegans v. United States, 506 F.3d 1101, 1103 (8th Cir. 2007) (citation and internal quotation marks omitted). In making a location decision, the BOP must consider:

>       (1) the resources of the facility
>           contemplated;
>       (2) the nature and circumstances of the
>           offense;
>       (3) the history and characteristics of the
>           prisoner;
>       (4) any statement by the court that imposed
>           the sentence-
>           (A) concerning the purposes for which
>               the sentence to imprisonment was
>               determined to be warranted; or
>           (B) recommending a type of penal or
>               correctional facility as
>               appropriate; and

---

[3] The terms "residential reentry center" and "community correctional facility" are interchangeable. See Stanko v. Rios, No. 08-4991, 2009 WL 1303969, at *1 n.1 (D. Minn. May 8, 2009).

[4] A RRC is a place of imprisonment. Miller v. Whitehead, 527 F.3d 752, 755 n.3 (8th Cir. 2008).

4

> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). In this case, FCI Waseca explicitly considered each of these criteria in its "Review for Residential Reentry Center" decision. See Buege Decl. Attach. B. Moreover, Robeson offers no evidence that the consideration of the § 3621(b) factors was "other than in good faith." Miller v. Whitehead, 527 F.3d 752, 758 (8th Cir. 2008). Therefore, the duration of the RRC assignment was fully within the discretion of the BOP, and dismissal of Robeson's petition is warranted.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Petitioner's objection [ECF No. 14] to the magistrate judge's report and recommendation is overruled;

2. The magistrate judge's report and recommendation [ECF No. 11] is adopted;

3. Petitioner's application for a writ of habeas corpus [ECF No. 1] is denied;

4. Petitioner's application to proceed in forma pauperis [ECF No. 2] is denied as moot; and

5. This action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 15, 2012

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court